Kinney Rodier Company, Defendant in Error, v. National Parlor Furniture Company, Plaintiff in Error.

Gen. No. 17,789.

1. WITNESSES—*conversation with agent since deceased.* In establishing the fact that a contract was made with a corporation, witnesses may be competent to testify to a conversation with an officer since deceased, if another officer was present at the time.

2. SALES—*evidence establishing contract.* Where plaintiff had manufactured a large number of similar articles for defendant, contradicted evidence that plaintiff had a certain number made specially and defendant said he would take them, that he did take and pay for a part of them, and that for lack of room he refused to take the remainder, but stated he would take them as soon as he could find available room, establishes a liability to pay for such articles.

Kinney Rodier Co. v. Nat. Parlor Furn. Co., 176 Ill. App. 282.

Error to the Municipal Court of Chicago; the HON. JOHN R. CAVERLY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed January 14, 1913.

McEWEN, WEISSENBACH, SHRIMSKI & MELOAN, for plaintiff in error; JEROME J. CERMAK, of counsel.

HOLT, WHEELER & SIDLEY, for defendant in error.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

This case was one of the fourth class upon contract, tried in the Municipal Court before the court without a jury. There was a finding for the plaintiff and judgment rendered thereon, from which judgment this writ of error is prosecuted. The claim of the plaintiff was for the value of forty springs for sofa beds, claimed to have been manufactured by the plaintiff for the defendant upon a contract theretofore made, the agreed price being three dollars each; also for the value of certain tools and dies necessary for the manufacture of the springs or couch bottoms, for which tools and dies it was claimed the defendant had agreed to pay.

It is not disputed that prior to the controversy the plaintiff had manufactured for the defendant, and the defendant accepted and paid for, several hundred of the bottoms, possibly as many as two thousand.

The contention of the defendant is that the contract was not sufficiently shown, in that two of the witnesses for the plaintiff, namely Kinney and Bingle, were allowed to testify, over the objection of defendant, to a conversation with one Joseph Deimel, acting for the defendant; that the said Deimel was dead, and therefore the testimony of these witnesses was not competent. It is not entirely clear whether or not another of the officers of the defendant, namely Rudolph Deimel, was present at this time. It would seem from the testimony of Mr. Rudolph Deimel, as it appears in the record, that he was present. If so the testimony of Kinney and Bingle was competent. He does not

agree, however, with the witnesses for the plaintiff as to what was said either in relation to the bottoms or the tools and dies referred to. After careful examination of the record we are satisfied that it warranted the trial judge in the conclusion that a contract had been made for the purchase of the bottoms and for payment by defendant of the cost of the tools and dies.

Kinney testified that he notified Rudolph Deimel that the plaintiff "had approximately seventy-five couches made specially," and that he asked Rudolph Deimel to take them; that the latter said he would; that he did take thirty-five and pay for them, but refused to take the other forty, claiming that the defendant did not have room for them; and that he at various times stated that defendant would take them as soon as he could find available room.

In our opinion it cannot be said that the finding and judgment were against the manifest weight of the evidence.

It is further urged by the defendant that the judgment should be reversed because the court refused to grant a new trial on the application of defendant. This application was based upon an assertion of newly-discovered evidence. We have examined with care the affidavits made in support of the motion, and are of the opinion that the court did not abuse its discretion in refusing to grant a rehearing of the case.

The judgment will be affirmed.

*Affirmed.*